JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08323-RGK-MAA | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Maribel Macias v. U.S. Bancorp, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court [10]

On July 30, 2025, Maribel Macias ("Plaintiff") filed a Complaint against U.S. Bancorp ("Defendant"), alleging claims for discrimination, wrongful termination, and emotional distress in the Los Angeles Superior Court. (ECF No. 1-1.) On September 3, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Plaintiff then filed a Motion to Remand ("Motion"). (ECF 10.) Upon review, the Court finds that the amount in controversy has not been established and hereby **REMANDS** the action for lack of subject matter jurisdiction.

Defendant argues that the Motion should be denied because Plaintiff failed to comply with the meet and confer requirement before filing her Motion as established by Local Rule 7-3. However, "[f]ailure to comply with the Local Rules does not automatically require the denial of a party's motions, however, particularly where the non-moving party has suffered no apparent prejudice." *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015). Accordingly, we reach the merits of the Motion.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Additionally, "If it is *unclear* what amount of damages the plaintiff sought . . .

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08323-RGK-MAA | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Maribel Macias v. U.S. Bancorp, et al.* | | |

then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 566–67.

Here, Plaintiff seeks back pay, front pay, emotional distress damages, attorneys' fees, and punitive damages in an unclear amount. (*See* Compl. at 17, ECF No.1-1.) Therefore, it is Defendant's burden to prove that the jurisdictional amount exceeds $75,000.

In Defendant's Notice of Removal, Defendant calculated that he owed Plaintiff roughly $31,075 in back pay from the time of his termination to the date of removal. In addition, Defendant calculated front pay damages by multiplying a hypothetical number of months of future lost wages, in this case six months, with Plaintiff's weekly pay, for a total of $31,075. (Not. Removal ¶ 22, ECF 1.) Defendant also calculated emotional distress damages and punitive damages awards by a 1:1 ratio to economic damages, amounting to $31,075 for each. (*Id.* ¶¶ 23, 24.) Lastly, Defendant attempted to fulfill the amount in controversy requirement by including future attorneys' fees that have not yet accrued. Defendant did so by calculating a hypothetical number of hours (100) that Plaintiff's attorneys would spend litigating the case, resulting in a fee award of $30,000.

The Court finds all estimations except for the estimate of $31,075 backpay to be too speculative. There is little reason to assume that Plaintiff would receive front pay for exactly six months of wages, or that the emotional distress and punitive damages would be in a 1:1 ratio to economic damages. Even if this 1:1 ratio was a "conservative estimate," we cannot consider these estimates to be predictive in this case. (Opp'n Plaintiff's Motion for Remand at 3, ECF 12.) In addition, Defendant's estimate of Plaintiff's attorneys' fees is too speculative because "attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy." *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *1 (C.D. Cal. Dec. 4, 2018). This speculation is amplified by the fact that it is not Defendant's estimate of its own attorneys' fees, but rather, an estimate of Plaintiff's attorneys' fees *if* Plaintiff were to prevail.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |

cc: LASC, 25VECV04245